*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CODY SCOTT HEPBURN,

        Defendant-Appellant.

UNPUBLISHED
January 18, 2024

No. 364085
Otsego Circuit Court
LC No. 2021-006245-FH

Before: GLEICHER, P.J., and BORRELLO and SHAPIRO, JJ.

PER CURIAM.

Defendant was convicted of first-degree retail fraud, MCL 750.356c, as a second-offense habitual offender, MCL 769.10, and sentenced to 20 to 90 months' imprisonment. The trial court ordered defendant's sentence to run consecutively with his sentence in another case, Alpena Case No. 21-001366-FH (Alpena Case No. 21-1366),[1] because he allegedly violated his parole in that case, warranting consecutive sentencing under MCL 768.7a(2). Furthermore, the trial court did not grant defendant any jail credit for time served because of the alleged parole violation. See *People v Allen*, 507 Mich 597, 606; 968 NW2d 532 (2021) (holding a parolee arrested on a new charge constituting a violation of their parole is not entitled to jail credit under MCL 769.11b). Defendant appeals this sentence by leave granted,[2] arguing the trial court erred by ordering that the sentence run consecutively with his sentence in Alpena Case No. 21-1366, and further erred by failing to award him jail credit for time served, because he was not on parole at the time he committed the offense in the instant case. For the reasons set forth in this opinion, we reverse and

---

[1] In Alpena Case No. 21-1366, defendant was convicted of delivery or manufacture of less than 50 grams of a controlled substance, MCL 333.7401, has a habitual fourth offender, MCL 769.12, and sentenced to 6 to 20 years' imprisonment.

[2] *People v Hepburn*, unpublished order of the Court of Appeals, entered March 20, 2023 (Docket No. 364085).

remand for further findings of fact and resentencing, limited to determination of the concurrent or consecutive nature of the sentences, and recalculation, if necessary, of jail credit.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 5, 2021, defendant and another offender, who did not have charges brought against him, stole items from a Walmart and returned them for money. Defendant also returned stolen goods to Walmart on February 8, 2021. As a result, Walmart submitted a retail fraud complaint on March 10, 2021. Video evidence collected showed defendant and the other offender arriving together and entering the Walmart without any items before they returned the stolen items. Defendant was arrested and arraigned, while already in Alpena County Jail for another offense, likely Alpena Case No. 21-1366,[3] on or about December 6, 2021.

At defendant's plea hearing in April 2022, defense counsel stated: "I believe [defendant] understands, and he knows that he was on parole. The Court can further inquire or explain this, but he understands the consecutive sentencing nature of this." Defendant chose to proceed with the plea offer, and confirmed he and his counsel talked about the consecutive sentence, which the trial court confirmed would be only to the parole violation. Defendant pleaded guilty pursuant to the plea agreement and provided the factual basis for his plea, and the trial court accepted his plea. After the parties confirmed there were no challenges to the presentence investigation report (PSIR) at the June 2022 sentencing hearing, the trial court sentenced defendant to 20 months' to 7 years, 6 months' imprisonment in the Michigan Department of Corrections (MDOC). The trial court noted that, because defendant was on parole, he was not entitled to any jail credit. After confirming defendant had no further questions, the trial court ended the hearing.

The trial court entered its original judgment of sentence on June 10, 2022, but the box addressing consecutive sentences was not checked. The MDOC then sent a letter, via e-mail, to the trial court, which provided, in relevant part:

> The Judgment of Sentence issued in the above referenced case indicates the sentence imposed is to be served concurrently with any other sentence the prisoner is serving, due to Box #9 not being marked. However, it is our understanding that, pursuant to MCL 768.7a, this sentence is required to be consecutive to the parole sentences the prisoner was serving when this offense was committed.
>
> Please be advised we have currently made this case concurrent to his other parole violation sentence out of Alpena Count [sic] (Case #21-0000001366-FH) and also the parole sentence(s) as ordered and suggest this case be reviewed to ensure no clerical error has been made with regard to the concurrent order to parole.

---

[3] Defendant committed the crime of, and was arrested in, Alpena Case No. 21-1366, on October 20, 2021.

If the court finds that an amended Judgment of Sentence is warranted, it is suggested one be provided at your earliest convenience so we may review the prisoner's time computation and classification. . . .

An individual who appears to be a member of the trial court's staff replied to the e-mail sending the letter, stating: "With regard to the attached from MDOC in P v Hepburn, Judge is asking for an amended JOS consecutive to parole, concurrent to Alpena County sentence." The trial court ultimately issued the amended judgment of sentence, "to reflect consecutive sentence to Alpena County[,]" on July 28, 2022. However, in checking the box about consecutive sentences, the trial court identified the sentence was consecutive to "Alpena County Case 21-1366-FH." Defendant now appeals.

## II. ANALYSIS

Defendant argues the trial court erred by ordering his sentence be served consecutively to his sentence in Alpena Case No. 21-1366, and that the trial court further erred by failing to award him 184 days of jail credit for time served. We agree that the amended judgment of sentence making defendant's instant sentence consecutive to the sentence in Alpena Case No. 21-1366 was in error. However, given the information available from the record and from the Offender Tracking Information System (OTIS), it appears possible defendant is obligated to serve his sentence consecutively with another case, Alpena Case No. 15-006671-FH (Alpena Case No. 15-6671), but the record is insufficient for such a determination on appeal. For the same reason, this insufficiency renders this Court unable to determine whether defendant was entitled to jail credit. Because the record is insufficient to make a proper determination of the case, we reverse and remand for the trial court to clarify which case, if any, defendant was on parole for at the time he committed the instant offense, and then to resentence defendant in accordance with those findings.[4]

MCL 768.7a(2) provides:

If a person is convicted and sentenced to a term of imprisonment for a felony committed while the person was on parole from a sentence for a previous offense, the term of imprisonment imposed for the later offense shall begin to run at the expiration of the remaining portion of the term of imprisonment imposed for the previous offense.

Thus, for MCL 768.7a(2) to apply, a defendant must have committed the offense in question while on parole for another offense. In this case, defendant committed the offense in the instant case on February 5, 2021. However, defendant did not even commit the offense for Alpena Case No. 21-

---

[4] Defendant did not raise this issue at sentencing. Therefore, this issue is unpreserved. See *People v Burkett*, 337 Mich App 631, 643; 976 NW2d 864 (2021). Unpreserved claims of constitutional error are reviewed for plain error affecting substantial rights. *People v Pipes*, 475 Mich 267, 274; 715 NW2d 290 (2006). "To avoid forfeiture under the plain error rule, a defendant must show actual prejudice." *Id.* "Under the plain error rule, reversal is only warranted if the defendant is actually innocent or the error seriously undermined the fairness, integrity, or public reputation of the trial." *Id.*

1366 until October 20, 2021. Defendant could not have been on parole for this case at the time he committed the instant offense, and, therefore, MCL 768.7a(2) is inapplicable.

However, if defendant was on parole for a different case, it would warrant application of MCL 768.7a(2) so as to make the instant sentences consecutive to any prior sentence for which he was on parole. To start, defendant openly admitted at his plea hearing that he was on parole at the time he committed the instant offense, and that he understood consecutive sentencing applied. Additionally, as discussed previously, defendant has two other active sentences under Alpena Case No. 15-6671. In Alpena Case No. 15-6671, defendant was sentenced on July 5, 2016, to two to eight years' imprisonment for each. While the minimum sentence has clearly expired, the maximum has not, and because the sentences are still active on OTIS, it stands to reason defendant is still serving them, and therefore was also still serving them when he committed the instant offense.

Defendant contends Alpena Case No. 15-6671 could not serve as the basis for consecutive sentencing in the instant case, nor could it eliminate defendant's entitlement of jail credit for time served in the instant offense, because the record cannot clearly establish he was on parole for Alpena Case No. 15-6671 at the time he committed the instant offense. While strictly correct, i.e., the record lacks sufficient evidence of defendant's parole status at the time he committed the instant offense, this alone is insufficient to prevent further fact-finding to conclusively determine the applicability of MCL 768.7a(2). Indeed, MCL 768.7a(2) uses the word "shall," which indicates consecutive sentencing is mandatory, and therefore obligates the trial court to determine whether defendant was on parole at the time he committed the instant offense. See, e.g., *People v Lockridge*, 498 Mich 358, 387; 870 NW2d 502 (2015) ("As we have stated many times, 'shall' indicates a *mandatory* directive."). Because it is still possible that defendant was on parole at the time he committed the instant offense, but this cannot be confirmed on appeal with the record provided, remand is necessary for the trial court to make further findings of fact.

It is also worth noting that this case may have arisen out of a clerical error by the trial court. The notice provided by the MDOC advised the MDOC "made this case concurrent to his other parole violation sentence out of [Alpena Case No. 21-1366]" but was concerned a clerical error occurred because of the mandatory nature of MCL 768.7a(2). In response, the response from the trial court's staff simply noted the sentence would be "consecutive to parole, concurrent to Alpena County sentence." This does not make it clear to which Alpena case the staff member was referring, and, since both cases were Alpena cases, it is possible she meant Alpena Case No. 15-6671, and the trial court's inclusion of Alpena Case No. 21-1366 in the amended judgment of sentence was a clerical error. However, again, given the scarcity of the record, this is unclear.

For the same reason, remand is necessary to determine whether defendant is entitled to jail credit for time served. "Under MCL 769.11b, individuals are entitled to jail credit if they are held in jail pending trial because they were denied or were unable to furnish bond." *Allen*, 507 Mich at 604. However, MCL 769.11b is not necessarily applicable to all defendants in jail awaiting trial. Whether MCL 769.11b applies depends on the reason for their detention. As the Supreme Court reasoned:

> It follows from this statute that individuals who are detained in jail for some reason other than the denial of or inability to furnish bond are not entitled to jail

-4-

credit. As is discussed in greater detail below, one such reason is that the individual was a parolee who was arrested on a new charge that might also constitute a violation of his or her parole. In these circumstances, parole officials may issue a warrant for the return of a parolee to a state penal institution under MCL 791.238 or require that the parolee be arrested without a warrant or detained in any jail of the state or both under MCL 791.239. If the parole officials properly invoke one of these statutes, the individual is not being held because of a bond determination on the new charge but because the parole officials want him or her held to face the possible parole violation charges. Put differently, once the individual is held for the parole violation, his or her continued detention has nothing to do with a denial of or inability to furnish bond in the new criminal proceeding. And once the individual is not being held because he or she was denied or unable to furnish bond in that proceeding, he or she is no longer entitled to jail credit under MCL 769.11b toward any sentence imposed in the new proceeding. [*Allen*, 507 Mich at 606.]

Because the record is insufficient to determine whether defendant was on parole in Alpena Case No. 15-6671 when he committed the instant offense, and whether he was incarcerated for violation of that parole because of the instant offense, this Court cannot conclusively determine whether defendant is entitled to jail credit for time served, and this issue is properly considered by the trial court on remand.

We reverse defendant's sentence and remand to the trial court for further fact-finding regarding defendant's parole status at the time he committed the instant offense, and for resentencing. We retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Stephen L. Borrello
/s/ Douglas B. Shapiro

# Court of Appeals, State of Michigan

# ORDER

Elizabeth L. Gleicher
Presiding Judge

People of MI v Cody Scott Hepburn

Docket No.    364085

LC No.        2021-006245-FH

Stephen L. Borrello

Douglas B. Shapiro
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court.  We retain jurisdiction.

Proceedings on remand in this matter shall commence within 28 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. As stated in the accompanying opinion, remand shall be limited to fact-finding regarding defendant's parole status at the time he committed the instant offense.  The trial court shall determine whether defendant was on parole, and, if so, for what case, issue an amended Judgment of Sentence showing that defendant's sentence in the instant case is consecutive to the sentence for which he was on parole, and, if necessary, recalculating the number of days of jail credit to which defendant is entitled. The proceedings on remand are limited to this issue.

The parties shall promptly file with this Court a copy of all papers filed on remand.  Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

_____
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

January 18, 2024
Date

_____
Chief Clerk